## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

**RANGER VENTURES, LLC**                                                                    **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO. _____.**
                                                **JURY TRIAL DEMANDED.**

**LONGLEAF ENERGY GROUP, INC.; REGIONS BANK, AS TRUSTEE OF NICHOLAS S. McGOWIN IRREVOCABLE TRUST DATED 6/30/1958 F/B/O BETH AND PETER McGOWIN; REGIONS BANK, AS TRUSTEE OF TRUST "B" UNDER THE LAST WILL AND TESTAMENT OF JULIAN F. McGOWIN, DECEASED, F/B/O BETTIE S. MILLER; REGIONS BANK, AS TRUSTEE OF TRUST "C" UNDER THE LAST WILL AND TESTAMENT OF JULIAN F. McGOWIN, DECEASED, F/B/O ELEANOR McGOWIN ADAMS; REGIONS BANK, AS TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF JOHN C. McGOWIN, DECEASED; REGIONS BANK, AS TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF N. FLOYD McGOWIN, DECEASED, F/B/O J. GREELEY McGOWIN; REGIONS BANK, AS TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF N. FLOYD McGOWIN, DECEASED, F/B/O N. FLOYD McGOWIN, JR.; AND C. MACNEIL MITCHELL AND REGIONS BANK AS CO-TRUSTEES UNDER THE WILL OF KATHERINE M. MITCHELL (GST EXEMPT SHARE)**                                                            **DEFENDANTS**

## COMPLAINT FOR SLANDER OF TITLE, CLEAR CLOUDS, DECLARATORY JUDGMENT, CIVIL CONSPIRACY, PUNITIVE AND SPECIAL DAMAGES

**COMES NOW**, Ranger Ventures, LLC ("Ranger") and files this Complaint against Longleaf Energy Group, Inc; Regions Bank, as Trustee of the Nicholas S. McGowin Irrevocable Trust dated 6/30/1958 F/B/O Beth and Peter McGowin, as Trustee of Trust "B" under the Last Will and Testament of Julian F. McGowin, deceased, F/B/O Bettie S. Miller, as Trustee of Trust "C" under the Last Will and Testament Trust of Julian F. McGowin, deceased, F/B/O Eleanor McGowin Adams, as Trustee under the Last Will and Testament of John C. McGowin, deceased, as Trustee under the Last Will and Testament of N. Floyd McGowin, deceased, F/B/O J. Greeley McGowin, as Trustee under the Last Will and Testament of N. Floyd McGowin, deceased, F/B/O N. Floyd McGowin, Jr.; and C. MacNeil Mitchell and Regions Bank as Co-Trustees under the Will of Katherine M. Mitchell (GST Exempt Share) (collectively the "Defendants") as follows:

## PARTIES

1.

Ranger is a Texas limited liability company with its principal place of business in Texas. All of Ranger's members reside outside the State of Alabama and are Texas residents. Ranger is a limited liability company doing business in Alabama who has registered to do business in Alabama.

2.

Longleaf Energy Group, Inc. ("Longleaf") is an Alabama Corporation with its principal place of business in Alabama who may be served with process on its registered agent, Thomas E. McMillan, Jr., at 212 Belleview Avenue, Brewton, Alabama 36426.

3.

Defendant Nicolas S. McGowin Irrevocable Trust dated 6/30/1958 F/B/O Beth and Peter McGowin is a Trust organized under the laws of the State of Alabama that may be served with process upon its Trustee, Regions Bank, which is an Alabama corporation with its principal place of business in Alabama, by service upon its registered agent, Corporation Service Company, Inc., at 641 South Lawrence Street, Montgomery, Alabama 36104.

4.

Defendant Trust "B" under the Last Will and Testament of Julian F. McGowin, deceased, F/B/O Bettie S. Miller, is a Trust organized under the laws of the State of Alabama that may be served with process upon its Trustee, Regions Bank, by service upon its registered agent, Corporation Service Company, Inc., at 641 South Lawrence Street, Montgomery, Alabama 36104.

5.

Defendant Trust "C" under the Last Will and Testament of Julian F. McGowin, deceased, F/B/O Eleanor McGowin Adams, is a Trust organized under the laws of the State of Alabama that may be served with process upon its Trustee, Regions Bank, by service upon its registered agent, Corporation Service Company, Inc., at 641 South Lawrence Street, Montgomery, Alabama 36104.

6.

Defendant Testamentary Trust under the Last Will and Testament of John C. McGowin, deceased, is a Trust created under the laws of the State of Alabama and may be served with process upon its Trustee, Regions Bank, by service upon its registered agent,

Corporation Service Company, Inc., at 641 South Lawrence Street, Montgomery, Alabama 36104.

7.

Defendant Testamentary Trust under the Last Will and Testament of N. Floyd McGowin, deceased, F/B/O J. Greeley McGowin is a Trust created under the laws of the State of Alabama may be served with process upon its Trustee, Regions Bank, by service upon its registered agent, Corporation Service Company, Inc., at 641 South Lawrence Street, Montgomery, Alabama 36104.

8.

Defendant Testamentary Trust under the Will of Katherine M. Mitchell, deceased (GST Exempt Share), is a Trust created under the laws of the State of Alabama which may be served with process upon its Co-Trustee, Regions Bank, by service upon its registered agent, Corporation Service Company, Inc., at 641 South Lawrence Street, Montgomery, Alabama 36104 or by service upon its Co-Trustee, C. MacNeil Mitchell, who is a New York resident that resides at 455 E 57th Street, New York, NY 10022.

9.

Defendant the Testamentary Trust under the Last Will and Testament of N. Floyd McGowin, deceased, F/B/O N. Floyd McGowin, Jr. is a Trust created under the laws of the State of Alabama which may be served with process upon its Trustee, Regions Bank, by service upon its registered agent, Corporation Service Company, Inc., at 641 South Lawrence Street, Montgomery, Alabama 36104.

## JURISDICTION AND VENUE

10.

This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of the citizenship between Ranger and the Defendants, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11.

Venue is proper in this District because the real property at issue is located in Butler County, Alabama, and that property gives rise to all claims for relief asserted in this case. All issues directly arise from land titles in Butler County, Alabama.

## FACTUAL BACKGROUND

12.

Ranger is an oil and gas company organized to acquire oil and gas prospects and to drill and operate the same. In 2022, it began work on geological information to lease and drill what it refers to as the West Greenville Prospect ("the Prospect") in Butler County, Alabama. Based upon several years of work, Ranger purchased approximately 20,000 gross acres and 16,000 net acres of oil and gas leases in Butler County including, but not limited to, the Prospect.

    A.    **The Forsyth Tract No. 1**

13.

The title to ± 3,518 acres in Sections 5, 6, 8, 15, 16, and 22, Township 9 North, Range 13 East, and Sections 19 and 29-32, Township 10 North, Range 13 East, Butler County, Alabama ("the Forsyth Tract No. 1"), passed by mesne conveyances until it became vested in

Holmes Forsyth by deed recorded in Book 47, Page 398, of the Land Records of Butler County, Alabama. The Forsyth Tract No. 1 is described on Exhibit "1".

14.

On June 29, 1942, Book 62, Page 98, Holmes Forsyth and wife, Marion S. Forsyth, executed a Warranty Deed to William Holmes Forsyth, Jr. covering the Forsyth Tract No. 1.

15.

On September 6, 1944, Book 64, Page 208, William Holmes Forsyth, Jr., et ux, executed a Warranty Deed to W. T. Smith Lumber Company conveying the Forsyth Tract No. 1 reserving "all of the oil, gas and other minerals" under the Forsyth Tract No. 1.

16.

On September 6, 1944, Book 64, Page 209, William Holmes Forsyth, Jr., et ux, executed a Royalty Deed unto W. T. Smith Lumber Company conveying "an undivided one-third interest in **all royalties** on oil, gas and other minerals produced and saved" from the Forsyth Tract No. 1. In a later part of the instrument, the Royalty Deed states as follows:

> In any oil, gas and/or mineral lease which may hereinafter be executed covering the above described real estate or any part thereof, including an undivided one-third interest in any bonus paid for any such lease and any rental paid for the privilege of deferring the commencement of wells or other operations under such lease, provided, however, **that neither the grantee, its successors and assigns, shall make, enter into, or participate in making of any oil, gas and/or mineral lease on the above described land or any part thereof, or any lease or contract for the development of said land or any portion thereof for the production of oil, gas or other minerals therefrom**.

(emphasis added). W. T. Smith Lumber Company acquired only a royalty interest with no executive rights to execute oil, gas, and mineral leases. The instrument required the grantor

to give notice to the grantee of the execution of any oil and gas lease that covers the grantee's royalty interest.

17.

**B.** **The Casey Tract No. 2**

Title to the E½ of the SW¼, the SW¼ of the SE¼ and one acre in the Northwest corner of the NW¼ of the SE¼ of Section 25, Township 10N, Range 12E, ("the Casey Tract No. 2"), Butler County, Alabama, passed by mesne conveyances until it became vested in J. W. Casey by deeds recorded in Book 77, Page 419, and Book 81, Page 26.

18.

On February 3, 1955, Book 109, Page 74, J. W. Casey executed a Warranty Deed unto W. T. Smith Lumber Company covering the referenced land "reserving and excepting all oil, gas and minerals in and under said land . . ." W. T. Smith Lumber Company acquired no mineral interest in the Casey Tract No. 2.

19.

**C.** **The Myrick Tract No. 3**

Title to the NE¼ of the NE¼ of Section 36, Township 10 North, Range 12 East, passed by mesne conveyances until it became vested in Hilliary Myrick ("the Myrick Tract No. 3"). On September 11, 1956, Book 113, Page 521, Hilliary H. Myrick and wife, Mamie Lous Myrick, executed a conveyance into W. T. Smith Lumber Company covering the referenced tracts subject to a reservation of "all oil, gas and minerals in, on, and under said land . . . ." W. T. Smith Lumber Company never acquired any mineral interest in the Myrick Tract No. 3.

20.

Beginning in 2022 and continuing into 2023, Ranger acquired oil, gas and mineral leases ("the Leases") from the successors in interest to the minerals in the Forsyth Tract No. 1, the Casey Tract No. 2, and the Hilliary Myrick Tract No. 3 ("the Lands"). The Leases cover 100% of the mineral interest in the Lands. The Leases are attached hereto as Exhibit "2".

21.

On July 10, 1954, Book 107, Page 10, W. T. Smith Lumber Company, which only owned a 1/3 royalty interest in the Forsyth Tract No. 1 and no interest in Tract Nos. 2 & 3, conveyed a 1/8 non-participating royalty in numerous lands, including Tract No. 1, to Essie S. McGowin, et al. The Defendant Regions Trusts derive their title from this deed.

22.

Title to ±29.7% of the non-executive one-third of leased royalty interest passed by mesne conveyances and/or wills and estates until it possibly became vested in the following Defendant royalty owners:

1. The Irrevocable Trust of Nicholas S. McGowin dated 6/30/1958, F/B/O Beth and Peter McGowin, Regions Bank, Trustee

2. Trust "B" under the Last Will and Testament of Julian F. McGowin, Deceased, f/b/o Bettie S. Miller, Regions Bank, Trustee

3. Trust "C" under the Last Will and Testament of Julian F. McGowin, Deceased, f/b/o Eleanor McGowin Adams, Regions Bank, Trustee

4. The Testamentary Trust under the Last Will and Testament of John C. McGowin, Deceased, Regions Bank, Trustee

     5.     The Testamentary Trust under the Last Will and Testament of N. Floyd McGowin, Deceased, F/B/O/ J. Greeley McGowin, II, Regions Bank, Trustee

     6.     The Testamentary Trust under the Will of Katherine M. Mitchell (GST Exempt Share), C. MacNeil Mitchell and Regions Bank, Co-Trustees

     7.     The Testamentary Trust under the Last Will and Testament of N. Floyd McGowin, Deceased, F/B/O N. Floyd McGowin, Jr., Regions Bank, Trustee

The Defendant Trusts listed above are hereinafter collectively referred to as "the Defendant Regions Trusts" and could own a ±29.7% of 1/3 of the leased royalty interest under Tract No. 1.

23.

In 2022, Ranger commenced title efforts and began leasing the Prospect. Ranger acquired leases from the mineral owners in the Forsyth Tract No. 1, the Casey Tract No. 2, and the Myrick Tract No. 3 covering 100% of the mineral interest in the Lands.

24.

As recited above, the Regions Bank Trusts acquired a non-participating royalty interest in Forsyth Tract No. 1. In March, 2023, Ranger's landmen contacted Defendant Regions Trusts and discussed leasing other tracts not related to this lawsuit. In that discussion, Ranger's landmen advised Defendant Regions Trusts that they owned no mineral interest in the Lands but could own a part of the royalty interest. Ranger's landmen provided Defendant Regions Trusts with a copy of the deeds that reserved the mineral interest and all executive rights in the Forsyth Tract No. 1 and other lands.

25.

Defendant Longleaf discovered that Ranger was leasing the Prospect. On several occasions, Longleaf had representatives contact Ranger seeking to buy an interest in the Prospect from Ranger. Ranger declined to sell Defendant Longleaf an interest. These solicitations continued from June 2023 through September 2023.

26.

Based on information and belief, Defendant Regions Trusts and Longleaf discussed the Defendant Regions Bank Trusts defective title between February 2023 and August 2023. Despite the Defendants' knowledge that the Defendant Regions Trusts owned no mineral interest in the Lands, Defendant Regions Trusts executed oil and gas leases and memorandums to Defendant Longleaf conveying a purported leasehold interest to Defendant Longleaf. Defendant Longleaf filed these Memorandums of record thereby slandering Ranger's title and creating a cloud on said title. These Memorandums are attached as Exhibit "3".

27.

The Defendants' wrongful and intentional actions were unknown to Ranger. On September 8, 2023, Ranger filed an application for permit to drill the W. Forsyth Well 31-2 No. 1 on the Prospect to a depth of 7,900 feet with the State Oil and Gas Board of Alabama ("AOGB"). After discovering the cloud on its title, Ranger's representatives notified the AOGB that its title had been clouded and slandered by the Defendants' actions. On September 13, 2023, the AOGB returned the permit application, and the permit was placed on hold until the title issues were resolved.

28.

By letter dated September 13, 2023, Ranger demanded that Defendant Longleaf release the Memorandum of Leases that slandered and clouded Ranger's title. See Exhibit "4". Defendant Longleaf failed and/or refused to do so necessitating this lawsuit. A title deraignment is attached hereto as Exhibit "5".

29.

The Defendants conspired and agreed to execute and file the Defendant Regions Trusts Memorandum of Leases of record to intentionally cloud Ranger's interest in an effort to force Ranger to sell them an interest in the Prospect. To date, Ranger's investment in the Prospect area totals $3.24 Million. This includes geology and geochemistry, gravity and magnetics, land, landmen, and seismic. In addition, Ranger paid $\pm$ $10,000 to prepare the drilling location and $\pm$ $7,500 for a drilling plat survey and well staking services. These costs have been lost due to this tortious conduct and slander of title. Now that a prospect has been generated, the value of the property exceeds $3,000,000. Ranger has suffered special damages as a result of the slander of title caused by the Defendants.

## CAUSES OF ACTION

### COUNT I
### Slander of Title

30.

Ranger incorporates the prior allegations in the preceding paragraphs.

31.

Section 6-5-211, Code of Alabama 1975, provides that the owner of any estate in lands may commence an action for libelous or slanderous words falsely and maliciously impugning

the owner's title. The false and malicious statements may include either assertions that the Plaintiff has no title or that the Defendant owns an interest or lien in the property.

32.

In this case, Ranger owns oil and gas leases covering 100% of the mineral interests in the Lands affected hereby which is a fee simple determinable. The Defendants falsely claim a mineral interest in the Lands. The Defendants filed the leases with malice, thereby publishing the false statement in an effort to force Ranger to sell them an interest in the Prospect. The malicious slander was published by filing the false leases in the public record and the publication thereof disparaged Ranger's title. Ranger suffered special damages as a proximate result of the publication thereby causing it to cancel its permit to drill and putting its entire investment in jeopardy and delaying drilling indefinitely at a time of favorable oil prices. At the time the Defendants filed the Memorandums of record, they were aware that the Defendant Regions Trusts owned no mineral title to the Lands. Ranger notified all of the Defendants of this fact before Defendants' publication of the malicious statement. The public records clearly reflect the same. In response to such notification, Longleaf's employee stated to Ranger's landmen that Longleaf hoped that something would be "worked out" so "all of us get rich". The malicious and intentional conduct was intended as leverage to wrongfully force Ranger to sell Defendant Longleaf an interest in the Prospect.

33.

The Defendants' conduct exhibits malice, wantonness, recklessness, bad faith, intentional misconduct and/or gross negligence and should be punished. Ranger is entitled to punitive damages and attorney fees against all the Defendants and the Trusts.

## COUNT II
## Clear Cloud on Title

34.

Ranger incorporates the prior allegations in the preceding paragraphs.

35.

Ranger owns a fee simple determinable interest in the Lands and is in actual or constructive possession of the minerals in the Lands. Ranger commenced this action to clear clouds on its leasehold interest in the Lands pursuant to its leases and clear all doubts or disputes concerning the Defendant Regions Trusts Leases. Ranger's oil and gas leases provided peaceful possession of the Lands for mineral exploration. The lands are described with certainty. A deraignment of title is included as Exhibit "5". Ranger states that no action is currently pending to enforce or test the validity of Ranger's leasehold interest in the Lands. The Defendant should be required to set forth and specify his title, claim, and interest and how and by what instrument the same is derived and claimed.

36.

The Defendant Regions Trusts leases constitute clouds on Ranger's title to the Land. Ranger is entitled to have these clouds removed from its leasehold title and the Defendant Regions Trusts leases should be cancelled and expunged from the records maintained in Butler County, Alabama.

## COUNT III
## Declaratory Judgment

37.

Ranger incorporates the allegations in the preceding paragraphs.

38.

Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C.A. § 2201, Ranger seeks a declaratory judgment declaring that the Defendant Regions Trusts' leases constitute a cloud upon Ranger's title to the Lands and that Ranger is entitled to have these clouds removed from its title.  Ranger seeks declaratory judgment setting aside the Defendant Regions Trusts leases, adjudicating that the Defendant Regions Trusts leases are clouds on Ranger's title, adjudicating that Longleaf owns no right to drill, explore, operate, or produce minerals from the Lands pursuant to said leases and cancelling the Defendant Regions Trusts leases.

## **COUNT IV**
## **Civil Conspiracy**

39.

Ranger incorporates the allegations in the preceding paragraphs.

40.

The Defendants conspired and intentionally agreed among themselves to execute and file the Defendant Regions Trusts' leases in order to wrongfully interfere with Ranger's development of its Prospect and to force Ranger to sell one or both of them an interest in the Prospect.  Defendants' conduct was made intentionally, with malice, in order to coerce Ranger into an unwanted business relationship.

41.

The Defendants' conduct exhibits malice, wantonness, recklessness, bad faith, intentional misconduct and/or gross negligence and should be punished.  Ranger is entitled to punitive damages and attorney fees against all the Defendants and the Trusts.

## **DEMAND FOR RELIEF**

**WHEREFORE,** the premises considered, Ranger requests that this Court enter a judgment setting aside the Defendant Regions Trusts' Leases, adjudicate that Defendants' leases are unenforceable against Ranger and constitute a cloud on Ranger's title, cancelling the Defendants' leases, awarding special damages to Ranger for its special and compensatory damages, attorney fees, costs, expenses, prejudgment and post-judgment interest, and punitive damages in the amount of $5,000,000, or such other amount as may be shown at trial, for the intentional and bad faith slander of title, civil conspiracy, and intentional wrongful conduct, and any other legal and equitable damages generally to which it may be entitled under the circumstances and pursuant to applicable law.

Dated: October 10, 2023

    Respectfully submitted,

    **RANGER VENTURES, LLC**
    Plaintiff


By:    /s/ Halron W. Turner
    HALRON W. TURNER
    ASB No. 9339-T62H
    As Its Attorney

**OF COUNSEL:**

Turner, Onderdonk, Kimbrough & Howell, PA
13212 West Central Avenue
P. O. Box 1389
Chatom, Alabama  36518
Telephone:  (251) 847-2237
Facsimile:  (251) 847-3115
Email: hwt@tokh.com

## JURY DEMAND

Pursuant to Rule 38(b), *Federal Rules of Civil Procedure*, Plaintiff demands a trial by struck jury on all issues so triable.

    /s/ Halron W. Turner
HALRON W. TURNER
Counsel for Plaintiff